UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2007 JAN 18 P 2:01
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| LEVI REED, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| § | CAUSE NO. SA-05-CA-186-RF |
| SAN ANTONIO AEROSPACE, L.P., § | |
| ET. AL., § | |
| § | |
| Defendants. § | |

---

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant San Antonio Aerospace, L.P.[1] ("SAA"), moves for summary judgment on all Plaintiff's claims and shows:

### Introduction

1. In this racial harassment/disparate treatment case, Defendant is entitled to summary judgment because (1) Plaintiff cannot make a *prima facie* case of racial harassment, and (2) Plaintiff cannot show disparate treatment or rebut Defendant's legitimate non-discriminatory reason for terminating Plaintiff's employment, and he did not raise his termination in his EEOC charge. For these reasons, Defendant is entitled to summary judgment as a matter of law.

### Facts

2. On September 4, 2004 Plaintiff Levi Reed's employment as a security officer at San Antonio Aerospace was terminated. A few days before, on August 28, 2004, he sexually harassed female co-worker Janice Johnson by kissing her against her wishes and by making

---

[1] All the other defendants were dismissed when the Court granted in part Defendants' Motion to Dismiss for failure to state a claim, Docket #21, June 27, 2005.

threatening remarks to her. That incident was captured on a security camera and a copy of it is attached as Exhibit A to the Declaration of SAA submitted herewith. Janice Johnson's incident report is attached to the Declaration of SAA as Exhibit B.

3. Initially in this suit and in his EEOC charge before it, Mr. Reed did not complain about being fired for sexually harassing his co-worker. However, he now claims that he was harassed and treated in a disparate manner (Second Amended Complaint ¶s 8 and 9), subjected to differential terms and conditions of employment because of his race (Second Amended Complaint ¶8), and required to work in a hostile work environment (Second Amended Complaint ¶10). He alleges that the given reason for his termination, that he had sexually harassed a female co-worker, is pretextual (Second Amended Complaint ¶11).

4. Mr. Reed has not responded to written discovery requests or given a deposition in this case, so what can be learned about his complaint is gleaned from his statements to the EEOC and to this Court after he filed this action *pro se*. (See Docket #4, Mr. Reed's responses to the Court Questionnaire to Plaintiff on Request for Appointment of Counsel, and Mr. Reed's handwritten Complaint, Docket #6)

5. Mr. Reed's complaint of racial harassment apparently relates to one incident that occurred a few months before his employment with SAA was terminated. He claims that his Acting Lead[2], David Young, a white male, harassed him because of his race, and that when he attempted to report the alleged harassment, the Director of Maintenance David Rodriguez, the Chief of Security and a Security Lead refused to accept his incident report. Mr. Reed did submit an incident report, and three senior level supervisors promptly investigated the alleged incident. Although they did not conclude that Mr. Reed had been harassed because of his race, they did

---

[2] "Leads" and "Acting Leads" are not supervisors at SAA. While Leads and Acting Leads direct other employees in performing tasks, they do not have any authority to take any employment action, such as promoting, hiring, disciplining, firing, transferring, or demoting. See SAA Declaration attached hereto.

conclude that Mr. Young's conduct was inappropriate and he was transferred to another shift to prevent further contact between Mr. Young and Mr. Reed. (See Security Administrator David Rodriguez's report to SAA Human Resources Department of his investigation into the incident, attached to the Declaration of SAA as Exhibit F.) The EEOC also investigated the incident and failed to find a violation of the discrimination statutes. (See Exhibits G and L to the Declaration of SAA.) Significantly, Mr. Reed told the EEOC in writing that "my charge is not base (sic) on being discharge (sic) from San Antonio Aerospace for August 28 incident (sic) [referring to the incident involving his harassment of Janice Johnson]. My charge is base (sic) on being harassed & intimate (sic) by David Young for the past year an (sic) a half. Over 300 days". (See Exhibit H to the Declaration of SAA and attached to Plaintiff's Original Complaint Docket #6.)

6. In his Second Amended Complaint (Docket #41), Plaintiff claims as his First Cause of Action that in violation of 42 U.S.C. §2000e *et seq.* he "was harassed and discharged as a result of disparate treatment; and any reason for his discharge was mere pretext." As his Second Cause of Action, Plaintiff cites to 42 U.S.C.§1981a, which is a statute only providing for damages under other statutes; it does not provide a cause of action itself. Finally, as his Third Cause of Action, Plaintiff asserts a claim for denial of equal rights in violation of 42 U.S.C. §1981. Title VII and Section 1981 are analyzed using the same analytical framework[3].

### Argument

7. A *prima facie* case of racial harassment alleging hostile work environment consisting of five elements: (1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt

---

[3] Jones v. Robinson Property Group, L.P., 427 F.3d 987 (5th Cir. 2005).

remedial action.[4] For harassment to affect a "term, condition, or privilege of employment" it must be "sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment."[5]

8.  There are two methods for proving a disparate treatment type of employment discrimination claim. First, a claim may be established by presenting direct evidence of discrimination. Here, Plaintiff asserts as "direct evidence"[6] Plaintiff's complaint that David Young, a non-supervisory person, "admitted that he was prejudiced against him as a black person". (Second Amended Complaint ¶10). David Young admits that when asked by Plaintiff whether he was prejudice, he (Young) answered, "Yes, I'm prejudiced against ignorant people." (See Exhibit F to Declaration of SAA.) Even if Mr. Reed's version of this incident is true, this isolated statement by a non-supervisor cannot be the basis of a claim for racial harassment.[7] If Mr. Young's version of the incident is taken as true, he made a racially neutral comment that cannot be the basis of a racial harassment claim. *Id.*

9.  A plaintiff may also rely on circumstantial evidence; the indirect method of proof set forth in *McDonnell Douglas Corp. v. Green*[8] is appropriate.[9] The indirect method of proof in

---

[4] *Celestine v Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001), citing *Watts v Kroger Co* 170 F. 3d 505, 509-510 (5th Cir. 1999) and *Jones v Flagship Int'l*, 793 F.2d 714, 719-720 (5th Cir. 1986).
[5] *Watts* 170 F.3d at 509.
[6] Exactly what constitutes "direct evidence" is a matter of much debate, but the alleged direct evidence is this case is disputed and not particularly relevant even if Plaintiff's version is true, because it is a "stray remark" allegedly made by a non-supervisory person on one occasion. Direct evidence is not "stray remarks in the workplace," "statements by nondecisionmakers" or "statements by decisionmakers unrelated to the decisional process itself" *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277  109 S. Ct. 1775, 180401805 (1989).
[7] *Putnam v Unity Health System*, 348 F.3d 732, 735 (8th Cir. 2003) (racially-neutral remarks do not give rise to claim of racial harassment, even if hurtful to a member of protected class).
[8] 411 U.S. 792, 802 (1973).
[9] *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 898 (5th Cir. 2002).

an employment discrimination case requires that a plaintiff carry the initial burden of proving by the preponderance of the evidence a *prima facie* case of discrimination.[10]

10.     A *prima facie* case, once proved, creates a presumption of discrimination, which the defendant "must rebut by articulating a legitimate, nondiscriminatory reason for its actions."[11] Importantly, the defendant's burden is one of production rather than persuasion; thus, "it is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff."[12] If the defendant comes forward with a licit move for its actions, *i.e.*, has "introduced evidence which, *taken as true,* would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action,"[13] the burden again shifts to the plaintiff to prove that the defendant's justification is pretextual.[14]

11.     Plaintiff cannot prove a *prima facie* case because he cannot show that he was subjected to harassment, or if he can, he cannot show that it affected a term, condition or privilege of his employment.

   a.     *Harassment.* Plaintiff cannot point to any evidence of any severe or pervasive conduct directed to him. The only incident Plaintiff complained about while he was employed by Defendant was properly investigated and prompt remedial action was taken. (See Exhibit F to Declaration of SAA.)

   b.     *Affected a Term or Condition of His Employment.* Plaintiff cannot show that the alleged harassment was causally connected to his termination. The only incident of harassment Plaintiff complained about while he was employed by Defendant ended

---

[10] *Patterson v. McLean Credit Union,* 491 U.S. 164, 186 (1989); *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252-253 (1981).
[11] *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 404 (5th Cir. 1999) (citations omitted).
[12] *Burdine,* 450 U.S. at 254.
[13] *St. Mary's Honor Ctr. V. Hicks,* 509 U.S. 502, 509 (1993).
[14] *Shackelford,* 190 F.3d at 404.

when Plaintiff shook hands with his alleged harasser and tore up his incident report. (See Exhibit F to Declaration of SAA.) Plaintiff suffered no adverse employment consequence as a result of the alleged harassment.

    c.    *Plaintiff Did Suffer Termination When He Harassed Another Employee.* But Plaintiff did not complain to the EEOC that he was terminated because he harassed another employee; in fact, he told the EEOC that he was not complaining about being terminated for that act. (See Exhibit H to Declaration of SAA.) He apparently understood then that his termination was a result of his own actions and not as a result of his race. Now Plaintiff says he was terminated as a result of disparate harassment. Not only is this illogical and inconsistent with his prior statements and the video tape of him kissing another employee against her wishes, but Plaintiff has not pointed to any non-Black employee who was guilty of "nearly identical" conduct but who was not terminated[15].

Plaintiff is legally barred from asserting that his termination is the "adverse employment affect" necessary to make his *prima facia* case because he did not raise the termination in his EEOC charge, and in fact said he was not complaining about being discharged for the August 28, 2004 incident (the harassment of Janice Johnson).[16] Thus he did not exhaust his administrative remedies as he was required to do.

12.    Defendant has shown that the reason Plaintiff was fired was because he had harassed a co-worker (see Exhibit C to Declaration of SAA). This is a legitimate, non-discriminatory reason for terminating Plaintiff's employment and is consistent with Defendant's written policies that were known to Plaintiff. (See Exhibits J and K to Declaration of SAA.)

---

[15] *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086 (5th Cir. 1995).
[16] *Pacheco v. Mineta* 448 F.3d 783 (5th Cir. 2006) (former employee did not exhaust disparate-impact claim by filing disparate treatment clam with EEOC and so was barred from raising it in court).

13. Plaintiff has no evidence that the reason he was terminated was a pretextual reason.

## Summary Judgment Standard

14. Summary judgment is appropriate if, after adequate time for discovery, no genuine issue as to any material facts exists, and the moving party is entitled to judgment as a matter of law.[17] Where the issue is one for which the nonmoving party bears the burden of proof at trial, it is sufficient for the moving party to identify those portions of the record which reveal the absence of a genuine issue of material fact as to one or more essential elements of the nonmoving party's claim.[18] The nonmoving party must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."[19] Thus, conclusory allegations shall not be considered competent summary judgment evidence. Upon viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court, in order to grant summary judgment, must be satisfied that no rational trier of fact could find for the nonmoving party as to each element of his/her case.[20]

15. There is no genuine issue of material fact as to the reason for Mr. Reed's termination; it was because he sexually harassed a female co-worker. Mr. Reed has no evidence (because there is none) that he was "harassed" within the legal meaning of harassment. Mr. Reed has no evidence (because there is none) of any adverse employment action that affected a term, condition or privilege of his employment and which is causally connected to the "harassment" or discrimination about which he complaints. In other words, Mr. Reed cannot not make a *prima*

---

[17] Fed.R.Civ.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317, 322-324 (1986).
[18] *Celotex*, 477 U.S. at 323-324.
[19] *Id.* At 324.
[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

*facie* case under any of his theories of recovery because there is no evidence of harassment or of any disparate treatment in his termination, which he does not contest and, in fact, tacitly admits was for a legitimate non-discriminatory reason. Because there is no evidence of any harassment nor any adverse employment action caused by or resulting from the "harassment" of which Mr. Reed complains, and because the evidence conclusively establishes that the reason for Mr. Reed's termination was a legitimate non-discriminatory reason, SAA is entitled to summary judgment as a matter of law.

## Proofs

16. The Declaration of SAA by and through its Director of Human Resources, Dawn Tofuri, supports this motion together with the documents attached to her Declaration.

## Conclusion

17. For the reasons stated above, Defendant requests that the Court enter a summary judgment in favor of Defendant on all of Plaintiff's claims and dismiss this case.

Respectfully submitted,

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile

BY: _____
BENJAMIN R. BINGHAM
State Bar No. 02322350

COUNSEL FOR DEFENDANT,
SAN ANTONIO AEROSPACE, LP

## CERTIFICATE OF SERVICE

I hereby certify that, on this ___18th___ day of January 2007, a true and correct copy of the above and foregoing has been served by ☐ **certified mail, return receipt requested;** ☐ **hand delivery;** ☐ **United States first class mail;** ☐ **facsimile transmission on:** LES MENDELSOHN & ASSOCIATES, P.C., Les Mendelsohn and David Whipple, Historic One Ten Broadway Building, 110 Broadway, Suite 500, San Antonio, Texas 78205.

_____
BENJAMIN R. BINGHAM

S:\BRB\CLIENTS\2441.5\Pleadings\Motion for Summary Judgment.doc

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEVI REED, JR., | § § § | |
| Plaintiff, | § § | |
| | § | |
| SAN ANTONIO AEROSPACE, L.P., ET. AL., | § § § § | CAUSE NO. SA-05-CA-186-RF |
| Defendants. | § § | |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this date the Court considered Defendant's Motion for Summary Judgment.

The Court hereby finds that the Motion is meritorious and is GRANTED.

It is so ORDERED.


Signed on _____, 2007.


                ROYAL FURGESON
                United States District Judge

S:\BRB\CLIENTS\2441.5\Pleadings\Order Granting Motion to extend DL.doc